**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 05-130T |
| | : | |
| GERALDO DICLO | : | |

GOVERNMENT'S OBJECTION TO
DEFENDANT'S MOTION FOR CONCURRENT SENTENCE

Now comes the United States of America by and through its attorneys and hereby objects to Defendant's Motion For a Concurrent Sentence for the reasons stated in the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

LEE H. VILKER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of March, 2006 a copy of the within Objection and Memorandum was sent via regular mail, postage prepaid, to the following:

Edward C. Roy, Esq.
Assistant Federal Defender
10 Weybosset Street, 3rd Floor
Providence, RI, 02903.

[signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
:
v. : CR-05-130T
:
:
GERALDO DICLO :

GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR A CONCURRENT SENTENCE

The defendant has moved this Court for a concurrent sentence under U.S.S.G. § 5G1.3. In his motion, defendant seeks credit for the time he served at the Adult Correctional Institution ("ACI") before the Bureau of Immigrations & Customs Enforcement ("ICE") took him into custody. As detailed below, defendant's motion should be denied because he was serving a sentence for an unrelated narcotics conviction at the ACI before he was taken into custody by ICE.

In response to defendant's motion, the United States has inquired of officials at the ACI concerning the length of time the defendant was held in state custody before being turned over to ICE. The United States has been advised of the following: (1) defendant was admitted into the ACI on August 2, 2004, following an arrest for possession with intent to distribute a controlled substance, (2) on November 4, 2004, defendant was sentenced on this charge to 2 years imprisonment, with 6 months of

that term suspended1, (3) defendant served this sentence at the ACI until October 19, 2005, when he was paroled early and placed into ICE custody pursuant to a detainer that had previously been filed.

Based on the above chronology, it is clear that during the entire period of August 2, 2004 through October 19, 2005, defendant was serving his state sentence for possession of a controlled substance with the intent to distribute. Only after the imprisonment portion of this sentence was discharged was the defendant taken into custody by immigration officials. Defendant should not be given credit for time he served on unrelated drug charges when determining an appropriate sentence for the instant offense.

In seeking a concurrent sentence, defendant erroneously relies on U.S.S.G. §5G1.3, which concerns the imposition of a sentence subject to an <u>undischarged</u> term of imprisonment. That section has no applicability here, where defendant has already fully served his state term of imprisonment. There is simply no other term of imprisonment that could be made concurrent to the sentence the Court will impose in the instance case.

---

1 Paragraph 29 of the Presentence Report incorrectly provides that defendant was sentenced to 10 years imprisonment with 6 months to serve. The United States has been provided with a copy of the judgment of conviction (attached hereto as Exhibit A), which confirms that defendant received a 2 year sentence, with 6 months suspended.

To the extent that defendant is requesting that the Court exercise its post-Booker authority to reduce his sentence by the amount of time he served in state custody, that argument should also be rejected. There would simply be no justification for giving defendant credit for time served on an unrelated narcotics conviction. Defendant is to be punished in this case for a crime (illegal reentry) that is wholly distinct from the crime for which he was sentenced in the state (drug trafficking). Indeed, to reduce defendant's sentence for time served on the state drug charges would result in defendant receiving a lesser sentence than similarly situated defendants solely due to the fact that he was recently convicted of drug trafficking.

For all of the aforementioned reasons, defendant's motion for a concurrent sentence should be denied.

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

LEE H. VILKER
Assistant U.S. Attorney

March 28, 2006

Certificate of Service

I hereby certify that on the 28th day of March 2006, a copy of the within "Government's Memorandum of Law In Opposition to Defendant's Motion For Concurrent Sentence" was mailed by to Edward C. Roy, Jr., Esq., Assistant Federal Defender, 10 Weybosset Street, 3rd Floor, Providence, RI, 02903.