CR: 05-130
J. Torres

# United States Court of Appeals
## For the First Circuit

No. 06-1773

UNITED STATES,

Appellee,

v.

GERALDO DICLO,

Defendant, Appellant.

Before

Lipez, Selya and Howard,
Circuit Judges.

ORDER OF COURT

Entered: August 26, 2008

Defendant-appellant Geraldo Diclo challenges the sentence imposed on him in the United States District Court for the District of Rhode Island for the crime of illegal reentry. Diclo requested that the district court take into account the fact that the timing of his federal prosecution prevented the possibility of concurrent prison time between his federal prison sentence and an expired state prison sentence for a narcotics offense. The district court rejected the request, stating:

> Well, he wouldn't, at least in my view, have received credit or a concurrent sentence anyway, even if his State sentence had not yet been discharged, because as I said many times, this offense is unrelated to the drug offense on which he was serving State time. There's no connection between the two and, therefore, there's no reason that I can see as to why the sentence should be concurrent. When you commit two different offenses, then those sentences ought to be consecutive. It's only when the two sentences relate to one another in a way that the issue of concurrent sentences come into play.

Sentencing Transcript at 9. 'Relatedness' is certainly a relevant consideration in deciding whether sentences for crimes should run concurrently, but it is not the *sin qua non*. See U.S.S.G. § 5G1.3(c)(sentence for a different offense can "run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment"). The district court's pronouncement can be interpreted as a categorical dictate against concurrent sentencing for unrelated offenses, which is inconsistent with the requirement of "an individualized assessment based on the facts presented" to the sentencing court. Gall v. United States, 128 S.Ct. 586, 597 (2007). If the explanation offered for the sentence imposed was to the effect that concurrent sentencing for unrelated crimes is not amenable to "individualized assessment based on the facts presented" in order "to achieve a reasonable punishment", then it was in error. We remand for clarification, while retaining jurisdiction.

The district court should file its written clarification within 30 days and, if no individualized assessment was made, should vacate the sentence. Otherwise, it should permit the sentence to stand.

We make no intimation on what sentence would be appropriate should resentencing be required. The district court would then have the opportunity to make a fresh determination in light of recent refinements to the federal sentencing regime. See, e.g., Gall, supra; Kimbrough v. United States, 128 S.Ct. 558 (2007); United States v. Rodgriquez, 527 F.3d 221 (1st Cir. 2008); see also United States v. Taylor, 532 F.3d 68, 69 (1st Cir. 2008)("Given the intervening cases which have further elucidated the district court's discretion in sentencing (as well as underscored the importance of the district court's justifications for that sentence), we think it best to remand to the district court for reconsideration with the benefit of all of these developments, as well as the concerns we expressed....").

Should the district court provide the requested clarification and deem resentencing unnecessary, we will proceed with adjudicating this appeal. Should the district court vacate the sentence originally imposed, however, the appeal will be dismissed without prejudice.

Case remanded and appellate jurisdiction retained.

So ordered.

By the Court:

/s/ Richard Cushing Donovan, Clerk.

cc:
Hon. Ernest C. Torres
David A. DiMarzio, Clerk, U.S.D.C. of Rhode Island
Joseph S. Berman
Donald C. Lockhart
Lee Viker